IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY | § § | |
| *Plaintiff*, | § § | |
| | § | |
| v. | § | **MO:24-CV-280-DC-RCG** |
| | § | |
| ALEJANDRO LUGO, JR.; ELIAS JORDAN; OMMA TRUCKING, INC.; RAPID FREIGHT HAULER, LLC; WTX RAPID TRANSPORT, LLC; and AUDIE COLE; | § § § § § | |
| *Defendants.* | § § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT is Plaintiff Knight Specialty Insurance Company's Motion for Default Judgment. (Doc. 58). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 58).

## I.     BACKGROUND

On November 4, 2024, Plaintiff Knight Specialty Insurance Company ("Plaintiff") filed its Original Complaint against Defendants Alejandro Lugo, Jr.; Elias Jordan; OMMA Trucking, Inc.; Rapid Freight Hauler, LLC; WTX Rapid Transport, LLC; and Audie Cole ("Defendants"). (Doc. 1). The case involves obligations under a Texas commercial automobile liability policy. *Id.* at 2. Effective August 23, 2021, Plaintiff issued a commercial automobile liability policy bearing Policy Number KSCW1940508-00 (the "Policy") to Defendant Rapid Freight Hauler, LLC. *Id.* Based on the Policy's liability insuring agreement, schedules, and definitions, Plaintiff seeks a declaration that it has no duty to defend or indemnify any of the Defendants under the

Policy as it pertains to (1) a motor vehicle accident that occurred on County Road 300 in Loving County, Texas on or about January 30, 2022 (the "Accident"), and (2) a lawsuit brought by Audie Cole, against Lugo, Rapid, Elias Jordan ("Jordan"), OMMA Trucking, Inc. ("OMMA") and WTX Rapid Transport, LLC ("WTX") as cause number D-22- 06-0679-CV, *styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC*, and pending in the 358th Judicial District of Ector County, Texas (the "Underlying Lawsuit"). *Id.* at 2–3. At the time of the accident, Lugo was allegedly operating an 18-wheeler tractor-trailer combination, with the tractor bearing VIN 2HSCNAPRX5C008123 (the "Tractor"). Lugo was purportedly hauling materials for OMMA and using a trailer owned by OMMA, while the Tractor was allegedly owned by Rapid, Jordan, and WTX. According to the Underlying Lawsuit, Lugo drove the Tractor across a double yellow line into oncoming traffic allegedly sideswiping another tractor-trailer before colliding with the vehicle driven by Cole. *Id.* at 3.

By its current Complaint, Plaintiff seeks a declaratory judgment. (Doc. 1). Summons were issued to Defendants on November 5, 2024. (Docs. 3–8). Plaintiff filed proofs of service showing Defendants Audie Cole and Alejandro Lugo, Jr. were personally served on December 20, 2024; Defendants WTX Rapid Transport and Elias Jordan were served on March 7, 2025; Defendant Rapid Freight Hauler, LLC was served on April 22, 2025; and Defendant OMMA Trucking, Inc. was served on June 3, 2025. (Docs. 9, 10, 16, 17, 27, 30). Defendants' respective Answers were due January 10, 2025; March 28, 2025; May 13, 2025; and June 24, 2025. *See id*. On July 22, 2025, the Court ordered Defendants to show cause in writing as to why they have not filed Answers. (Doc. 33–36, 40–41). Defendants neither filed a response to the Court's Order or an Answer to Plaintiff's Complaint. To date, Defendants have failed to answer Plaintiff's

Complaint or otherwise make an appearance in this lawsuit. On August 13, 2025, a Clerk's Entry of Default was entered against Defendants Elias Jordan, OMMA Trucking, Inc., WTX Rapid Transport, LLC, and Audie Cole in this case. (Docs. 45–48). On August 26, 2025, a Clerk's Entry of Default was entered against Defendants Alejandro Lugo, Jr. and Rapid Freight Hauler, LLC in this case. (Doc. 54–55). On October 23, 2025, Plaintiff filed its Motion for Default Judgment. (Doc. 58). A hearing was held on the instant Motion for Default Judgment on January 8, 2026, via Zoom. (Doc. 62). By its Motion and its representations at the default judgment hearing, Plaintiff does not seek monetary damages, nor attorney fees from Defendant, but rather seeks an order declaring "that it has no duty to defend or indemnify any of the Defendants under the Policy." (Doc. 58). Accordingly, this matter is now ready for disposition.

## II.    LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381,

384 (W.D. Tex. 2008). First, the Court considers whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, the court assesses the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, the court determines what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.    DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment against Defendants.

### A.  Default Judgment is Procedurally Warranted

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendants have not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' total

failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendants have not responded to the summons, the Complaint, the Court's Show Cause Orders, the clerk's entry of default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendants have had more than six months to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendants' inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. 17-CV-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that default judgment is procedurally warranted under these circumstances.

**B.  Default Judgment is Substantively Warranted**

### 1.  Whether Plaintiff States a Viable Claim for Declaratory Judgment

Having determined that default judgment is procedurally warranted, the Court now considers whether Plaintiff's pleadings establish a viable claim for declaratory relief. The case arises from a Texas commercial automobile liability policy issued to Defendant Rapid Freight Hauler, LLC. Plaintiff seeks a declaration that it has no duty to defend or indemnify any of the

Defendants under the Policy as it pertains to the Accident and the Underlying Lawsuit. (Doc. 1 at 2–3). Due to the entry of default, Defendant is deemed to have admitted the allegations outlined in the Complaint. *Nishimatsu Constr.*, 515 F.2d at 1206.

Plaintiff has shown liability coverage under the Policy does not apply to the Accident or the Underlying Lawsuit. The Policy narrowly provides coverage to specifically described autos scheduled or listed on the Policy. (Doc. 1 at 8). There is no evidence supporting an assertion that the Tractor qualifies as either a temporary substitute auto or a newly acquired auto. Moreover, Plaintiff alleges Defendant Lugo was not on an interstate trip at the time of the accident and that he is not an employee of Defendant Rapid Freight Hauler, LLC. Therefore, no liability coverage for an accident involving the Tractor is provided under the Policy. *Id.* at 8–9. As such, this precludes a duty to defend or indemnify any of the named parties herein on the part of Knight as it pertains to the Accident or the Underlying Lawsuit. Accordingly, the Court finds Plaintiff's pleadings contain a sufficient basis for judgment in its favor.

### 2. Whether Declaratory Relief is Appropriate

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The three steps are determining (1) "whether an 'actual controversy' exists between the parties to the action"; (2) "whether [the Court] has the 'authority' to grant declaratory relief in the case presented"; and (3) "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id*. (citations omitted).

The Court must first determine if an "actual controversy" exists. "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists] between parties having adverse legal interests." *Fid. & Guar. Life Ins. v. Unknown Tr. of*

*Revocable Trust-8407*, No. 13-CV-412, 2014 WL 2091257, at *3 (W.D. Tex. May 16, 2014) (quoting *Orix Credit All.*, 212 F.3d at 896). Here, Plaintiff contests its obligations under a Texas commercial automobile liability policy. Thus, an "actual controversy" exists.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Fid. & Guar. Life Ins.*, 2014 WL 2091257, at *4 (quoting *Sherwin–Williams Co. v. Holmes Cty.,* 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted)). Here, nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief pursuant to the guidelines set forth in *Orix Credit Alliance.*

Third and finally, the Court must determine whether to exercise or decline jurisdiction. The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors, particularly whether: (1) "a state action is pending in which all of the matters in controversy may be fully litigated"; (2) "the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant"; (3) "the plaintiff engaged in forum shopping in bringing the suit"; (4) "possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums"; (5) "the federal court is convenient for the parties and witnesses"; (6) "retaining the case in federal court will serve judicial economy"; and (7) "the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom

7

the parallel state suit between the same parties is pending." *Id*. (citing *Sherwin–Williams*, 343 F.3d at 388). After reviewing the record, the Court holds these factors balance in favor of granting Plaintiff's requested declaratory judgment. As noted above, there is no evidence of a similar, parallel, state court action pending that is related to the instant case. There is no evidence Plaintiff filed the action in anticipation of a suit, and there is no evidence Plaintiff has engaged in forum shopping in bringing suit. Furthermore, fairness weighs in favor of granting declaratory judgment, and this would further judicial efficiency by resolving the question before the Court today.

**C.  Plaintiff Should Receive a Declaratory Judgment**

Default judgment is appropriate against Defendants. The Court now must determine what form of relief Plaintiff should receive. *1998 Freightliner*, 548 F. Supp. 2d at 384. On January 8, 2025, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held an evidentiary hearing covering the issue of remedy. (*See* Doc. 62). At the hearing, Plaintiff's Complex Claim Manager, Madeline Sutphin, testified regarding the relevant policy provisions and the facts giving rise to the coverage dispute. Her testimony established the claims asserted against Defendants fall outside the scope of coverage, thereby negating any duty to defend or indemnify. And in the interest of caution, the Court notes that because Plaintiff seeks only declaratory relief, rather than monetary damages of any kind, an evidentiary hearing or detailed affidavits are not necessary. *Seattle Bank v. Dulworth*, No. 22-CV-01036, 2023 WL 9005642, at *5 (N.D. Tex. Dec. 13, 2023). Because the Court finds Plaintiff sufficiently established Defendant is in default, a declaratory judgment should be entered.

## IV.   RECOMMENDATION

For the aforementioned reasons, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 58).

It is **FURTHER RECOMMENDED** that a final judgment be entered against Defendant declaring:

a. Knight's motion for a default judgment against Defendants is granted in all respects:

b. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021 to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend Defendant Rapid Freight Hauler LLC in, as to, from, or regarding the lawsuit styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC, bearing cause number D-22-06-0679-CV and pending in the 358th Judicial District of Ector County, Texas;

c. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021 to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend Defendant Alejandro Lugo, Jr. in, as to, from, or regarding the lawsuit styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC, bearing cause number D-22-06- 0679-CV and pending in the 358th Judicial District of Ector County, Texas;

d. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021 to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to indemnify Defendant Rapid Freight Hauler LLC in, as to, from, or regarding the lawsuit styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC, bearing cause number D-22-06-0679-CV and pending in the 358th Judicial District of Ector County, Texas;

e. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021 to August 23, 2022, not obligate Plaintiff Knight Specialty Insurance Company to indemnify Defendant Alejandro Lugo, Jr. in, as to, from, or regarding the lawsuit styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC, bearing cause number D-22-06-0679-CV and pending in the 358th Judicial District of Ector County, Texas;

f. Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021 to

August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to pay any sum to Audie Cole or anyone else, as to, as a result of, or regarding the lawsuit styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC, bearing cause number D-22-06-0679-CV and pending in the 358th Judicial District of Ector County, Texas;

g.  Plaintiff Knight Specialty Insurance Company policy number KSCW1940508-00 issued to Rapid Freight Hauler LLC, and effective from August 23, 2021 to August 23, 2022, does not obligate Plaintiff Knight Specialty Insurance Company to defend or indemnify any party or person as to the motor vehicle accident made the subject of the lawsuit styled Audie Cole v. Alejandro Lugo, Elias Jordan, Omma Trucking, Inc., Rapid Freight Hauler, LLC and WTX Rapid Transport, LLC, bearing cause number D-22-06-0679-CV and pending in the 358th Judicial District of Ector County, Texas; and

h.  This judgment disposes of all issues between the parties and it is final and appealable.


SIGNED THIS 9TH DAY OF JANUARY, 2026.


RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

10

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

11